NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0214n.06
Filed: March 19, 2009

No. 08-3442

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TOLEDO NEWSPAPER UNIONS – BLADE PENSION TRUST FUND, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| FEDERAL INSURANCE COMPANY, | ) ) | |
| Defendant-Appellee. | ) ) | |

Before: NORRIS, COOK, GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Plaintiff-appellant Toledo Newspaper Unions – Blade Pension Trust Fund (the "Plan") appeals the district court's judgment granting defendant-appellee Federal Insurance Company's motion to dismiss. Federal Insurance Company ("Federal") issued a policy insuring the Plan's trustees. The Plan sued Federal under the Declaratory Judgment Act, requesting that the district court make two informative rulings: (1) whether the Plan should notify its participants of possible claims against certain trustees and (2) whether, if the Plan so notifies its participants and if the participants sue, there would be coverage under the policy. Relying on the advisory-opinion prohibition and the ripeness doctrine, the district court dismissed the Plan's complaint as failing to satisfy Article III's case-or-controversy requirement.

No. 08-3442
*Toledo Newspaper Unions v. Federal Insurance Company*

We conduct a de novo review of a district court's justiciability determinations, including its advisory opinion and ripeness assessments. *See Eaton v. Charter Twp. of Emmett*, No. 06–1542, 2008 WL 780751*, at \*4 (6th Cir. Mar. 21, 2008) (citing *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir.2003)); *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville and Davidson Co., Tenn.*, 274 F.3d 377, 398 (6th Cir. 2001). To the extent that the district court's jurisdictional ruling rests on factual findings, we review those findings for clear error. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir.1996).

Our review of the record, the applicable law, and the parties' briefs convinces us that the district court judge's memorandum opinion carefully and correctly set out the facts and the governing law, and because a full opinion from this court would be duplicative, we affirm the district court's judgment granting defendant-appellee's motion to dismiss, adopting the reasoning of the district court's February 28, 2008 memorandum.